UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:10-bk-09045 -PMG

IN RE:

KEVIN JOSEPH BELFRY and
ELLEN EMILY BELFRY
_____/

ORDER CONFIRMING CHAPTER 13 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on notice that the Plan complies with the

provisions of 11 U.S.C. §1325,

Accordingly:

**IT IS ORDERED** that:

1. The Plan, dated January 4, 2011, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtors in the amount of $448.66 per month for

months 1-5, $1,504.22 per month for months 6-40 and $1,487.13 per month for months 41-60.

Payments shall be made to Douglas W. Neway, Trustee, at **P.O. Box 2079, Memphis,**

**Tennessee 38101-2079.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund

this plan for the applicable commitment period, beginning on the date that the first payment is

due under the Plan, using all disposable income to be paid to unsecured creditors.

KEVIN JOSEPH BELFRY and                          CASE NO: 3: 10-bk-09045 -PMG
ELLEN EMILY BELFRY

5. The Trustee shall pay all claims provided for in the Plan for which proofs of claims have been filed. Distributions shall commence and be made by the Trustee on a monthly basis following this Confirmation on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

6. The Trustee shall make full disbursements in the following order:

    a.    Commissions and costs as the Court may from time to time approve.

    b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

    c.    Any claim or amended claim filed after March 7, 2011, unless specifically provided for in Exhibit A, shall receive no distribution.

7. Secured creditors shall retain their liens.

8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any confirmed plan that states differently.

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing. The requirement to object to secured mortgage claims that are filed prior to confirmation is waived as to the Chapter 13

KEVIN JOSEPH BELFRY and
ELLEN EMILY BELFRY

CASE NO: 3: 10-bk-09045 -PMG

Trustee and this confirmation shall have no res judicata effect on the Trustee's right to file and

litigate any objections to mortgage claims for 60 days beyond the claims bar date.

10. The property of the estate revests in the Debtors or in any other entity provided for by

the Debtors in the terms of the confirmed chapter 13 plan upon discharge of the Debtors or, in

the alternative, upon dismissal of the case.

11. The Debtors shall file all required post petition tax returns with the Internal Revenue

Service and provide a copy of the tax return to the Chapter 13 Trustee by April 30th of the year

following the taxable year. If the Debtors have properly filed an

extension to file with the Internal Revenue Service and deliver a copy of the tax return to the

Chapter 13 Trustee no later than 10 days after the extension date.

12. This Order supersedes any Adequate Protection Orders previously entered in this case

and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is

deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account

adjustments during the life of the plan are as follows:

     a.     Mortgage Creditors are required to file a Notice of Mortgage Payment

          Change setting forth the basis of the change, the amount of the new

          payment and the date the new payment becomes due. Said Notice shall be

          filed within a reasonable time prior to the occurrence of the payment

          change and served upon the Trustee, Debtors and Debtors' counsel.

KEVIN JOSEPH BELFRY and                    CASE NO: 3: 10-bk-09045 -PMG
ELLEN EMILY BELFRY

    b.      Upon receipt of the Notice, the Trustee shall take the following action:

          (1)      If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

          (2)      If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtors and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the confirmed plan requested by the Trustee pursuant to 11 U.S.C. Section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtors have surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

16. Debtor(s) shall have 30 days from the date of this Order to file a motion to value Claim 9 of Wells Fargo Dealer Services, or in the alternative to obtain an amended claim reflecting those amounts being paid in the plan confirmed by this Order. If Debtor(s) fail to file a motion to value the claim or obtain an amended claim within 30 days of the date of this Order, then the claim shall be allowed as filed and the plan amended to provide for payment in full.

KEVIN JOSEPH BELFRY and                    CASE NO: 3: 10-bk-09045 -PMG
ELLEN EMILY BELFRY

17.  Debtor(s) shall have 30 days from the date of this Order to determine the secured

status in relation to Claim 14 of CitiMortgage, which holds a Second Mortgage on the Debtor's

homestead property.  No payments shall be made to this creditor until the adversary proceeding

is resolved by Order of the Court.  This shall be without prejudice to the modification of the plan

upon resolution of the adversary proceeding.

18.  Upon verbal order of the Court announced sua sponte at the confirmation hearing,

the Court finds that the Debtor has surrendered all interest in the asset secured by Claim 11 & 12

for Citrus County Tax Collector.  This surrender is in full satisfaction of the debt and the creditor

shall receive not distribution form the Trustee. ... OR ... As such, the claim shall be treated as a

general unsecured.

**DONE AND ORDERED** at Jacksonville, Florida on ~~January~~ *February* 3 _____ 2011.

_____
Paul M. Glenn
Chief United States Bankruptcy Judge

## EXHIBIT A
### CASE NO: 3:10-bk-09045-PMG
### KEVIN JOSEPH BELFRY and ELLEN EMILY BELFRY

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|---|---|---|---|---|---|---|
| | TRUSTEE EXPENSES | Priority | | As set by U.S. Trustee | | |
| | BANKRUPTCY LAW FIRM OF LANSING J ROY | Priority | $2,000.00 | $2,000.00 | $50.00 $0.00 | 1 - 40 41 - 60 |
| | CHASE | Secured | $0.00 | $0.00 | $0.00 | |
| | *Claim Notes: Mortgage No claim filed. Claim paid outside of plan.* | | | | | |
| 01 | CHRYSLER FINANCIAL SERVICES AMERICAS LLC | Secured | $10,745.92 | $12,132.04 | $202.21 | 1 - 60 |
| | *Claim Notes: Original claim amount $10,745.92. Order granting as Secured $10,745.92 and unsecured $0.00.* | | | | | |
| 02 | JEFFERSON CAPITAL SYSTEMS  LLC ; | Unsecured | $1,063.10 | $1,063.10 | ProRata | |
| 03 | SALLIE MAE ON BEHALF OF UNITED STUDENTS AID | Unsecured | $28,930.77 | $28,930.77 | ProRata | |
| 04 | MIDLAND CREDIT MANAGEMENT INC | Unsecured | $685.29 | $685.29 | ProRata | |
| 05 | RONALD C RITTER | Secured | $69,772.45 | $0.00 | $0.00 | |
| | *Claim Notes: Mortgage Surrendered.* | | | | | |
| 06 | INTERNAL REVENUE SERVICE | Priority | $692.35 | $692.35 | $0.00 $34.62 | 1 - 40 41 - 60 |
| 06 | INTERNAL REVENUE SERVICE | Unsecured | $58.68 | $58.68 | ProRata | |
| 07 | CHASE BANK USA NA | Unsecured | $3,356.90 | $3,356.90 | ProRata | |
| 08 | HSBC BANK NEVADA | Secured | $3,495.00 | $0.00 | $0.00 | |
| | *Claim Notes:  Surrendered.* | | | | | |
| 08 | HSBC BANK NEVADA | Unsecured | $1,065.10 | $1,065.10 | ProRata | |
| 09 | WELLS FARGO DEALER SERVICES | Secured | $11,200.00 | $6,094.50 | $101.58 | 1 - 60 |
| 09 | WELLS FARGO DEALER SERVICES | Unsecured | $10.20 | $10.20 | ProRata | |
| 10 | CAPITAL ONE BANK | Unsecured | $606.08 | $606.08 | ProRata | |
| 11 | CITRUS COUNTY TAX COLLECTOR | Secured | $1,165.44 | $0.00 | $0.00 | |
| | *Claim Notes:  Surrendered.* | | | | | |
| 12 | CITRUS COUNTY TAX COLLECTOR | Secured | $4,829.36 | $0.00 | $0.00 | |
| | *Claim Notes:  Surrendered.* | | | | | |
| 13 | AMERICAN INFOSOURCE LP | Unsecured | $282.14 | $282.14 | ProRata | |
| 14 | CITIMORTGAGE INC | Secured | $150,674.89 | $0.00 | $0.00 | |
| | *Claim Notes:  Mortgage* | | | | | |

**EXHIBIT A**
**CASE NO: 3:10-bk-09045-PMG**
**KEVIN JOSEPH BELFRY and ELLEN EMILY BELFRY**

| Claim No. | Creditor | Claim Type | Claim Amount | Amount Allowed | Monthly Payment | Mth |
|-----------|----------|------------|--------------|----------------|-----------------|-----|
|           |          |            |              |                |                 |     |

| Debtor Payment Schedule | | |
|---|---|---|
| StartDate | Number of Months | PaymentAmount |
| November 14, 2010 | 1 - 5 | $448.66 |
| April 14, 2011 | 6 - 40 | $1,504.22 |
| March 14, 2014 | 41 - 60 | $1,487.13 |

Copies to:
Debtors
Bankruptcy Law Firm Of Lansing J Roy
Douglas W. Neway, Trustee
All Interested Parties